30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry GRAY, Plaintiff-Appellant,
v.
Odie WASHINGTON and Roland Burris, Defendants-Appellees.
 No. 92-3701.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided July 25, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Terry Gray, in state prison for murder, believes that the district judge erred in denying his petition for a writ of habeas corpus.
 
 
 2
 Three witnesses testified that they saw Gray in an alley with the deceased shortly before her body was found there. One of these witnesses, Richard Bates, testified that he heard someone call for help, entered the alley to find Gray and the victim together, and fled when Gray threatened to shoot him if he did not go home. All three of these witnesses had known Gray for years. Nonetheless, Gray insists that the evidence against him was insufficient, see Jackson v. Virginia, 443 U.S. 307 (1979), because the three witnesses told varying stories to the police. These stories were fair game for cross-examination, but the jury believed the versions presented in court. (The witnesses testified that they initially lied because they were afraid of Gray, so the attempt at impeachment may have backfired.) The jury's assessment is conclusive, unless the stories are so fantastic that the described events are highly improbable. Marshall v. Lonberger, 459 U.S. 422, 434 (1983); Wandick v. Chrans, 869 F.2d 1084, 1089 (7th Cir.1989). There was nothing improbable about the testimony in question.
 
 
 3
 The victim may have been raped before her death. A fourth witness testified that approximately one week before the murder Gray grabbed her, pulled her into the same alley where the deceased was found, and solicited a sexual encounter. The witness broke free and fled in terror. The appellate court concluded that the evidence should not have been admitted but that the error was harmless. People v. Gray, 215 Ill.App.3d 1039, 1045, 576 N.E.2d 166, 181 (1st Dist.1991). Gray seeks to persuade us that the error was not harmless, but a mistake of state law is not the sort of "error" for which 28 U.S.C. Sec. 2254 affords relief. Romano v. Oklahoma, 114 S.Ct. 2004, 2010-11 (1994). Use of other-crime evidence does not violate the Constitution of the United States unless it makes the trial as a whole so unfair that it threatens the conviction of an innocent person. Estelle v. McGuire, 112 S.Ct. 475 (1991). Gray's trial was dominated by eyewitness testimony; it does not approach the standard articulated in Estelle.
 
 
 4
 During sentencing the judge heard a statement from the victim's brother. Gray protests, but after Payne v. Tennessee, 111 S.Ct. 2597 (1991), the argument is unavailing. Gray also contends that the judge ignored issues raised in his amended petition for habeas corpus. But there was in fact no "amended petition." Gray raised additional issues well into the litigation but never sought leave to amend his petition. The district judge resolved all of the issues properly presented.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record